86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley HERMENS; Tan Hermens, Plaintiffs-Appellants,
v.
UNITED STATES of America; Bureau of Land Management, an
Agency of the United States Department of the Interior;
Bruce Babbitt, Secretary of the Interior; Cy Jamison,
Director of the Bureau of Land Management; Dean Bibles,
Director of the Bureau of Land Management for the State of
Oregon; Harris R. Cosgriffe, Central Oregon Area BLM
District Manager, Defendants-Appellees.
 No. 95-35015.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided June 3, 1996.
 
 Before: GOODWIN, SKOPIL, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stanley and Tan Hermens filed this quiet title action against the United States seeking a declaration that an easement held by the government over Rudio Creek Road does not include public access. The United States counterclaimed with its own quiet title action, claiming that the easement does include public access. The district court dismissed the Hermens' action as time-barred and granted the United States summary judgment on its counterclaim. We affirm the district court's grant of summary judgment, and we therefore need not address the timeliness of the Hermens' action.
 
 
 3
 We look to the condemnation documents to determine the scope of the easement. See Narramore v. United States, 852 F.2d 485, 490 (9th Cir.1988). The Declaration of Taking, referred to in the Judgment in Condemnation, describes the interest taken by the United States as:
 
 
 4
 A perpetual exclusive easement and right-of-way to locate, relocate, construct, maintain, repair and control a roadway for use by the United States of America and its assigns, licensees and permittees....
 
 
 5
 The Declaration also includes a statement of public use for which the interest was taken. This statement clearly indicates that the condemned easement includes public access:
 
 
 6
 The public use for which said property is taken is for the construction, maintenance, and use of an access road to remove forest products and other products from public domain lands; to transport persons and materials for the management, administration, conservation, preservation and protection of said lands; to prevent and extinguish fires thereon and adjacent thereto; and to provide access for the people of the United States generally to said public domain lands for all lawful and proper purposes subject to reasonable regulations of the Secretary of the Interior.
 
 
 7
 (emphasis added). Thus, based on the plain language of the Declaration, the district court properly concluded that the easement includes public access. See Racine v. United States, 858 F.2d 506, 509 (9th Cir.1988).
 
 
 8
 A review of the statutes under which the government condemned the easement does not change this conclusion. We reject the Hermens' contention that the Act of July 28, 1955 implicitly limits the broad language of the Department of Interior and Related Agencies Appropriation Act of 1966. 79 Stat. 174.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3